IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN K. HENRICKS, | : | |
| Plaintiff | : | Civil Action 2:08-cv-580 |
| v. | : | Judge Smith |
| PICKAWAY CORRECTIONAL INSTITUTION, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court pursuant to Plaintiff's Motion to Amend/Correct Complaint (Doc. 68), Motion for Extension of Time (Doc. 71), and Motion to Compel (Doc. 72), and Defendants' Motion to Stay Discovery (Doc. 18).

**Amendment of Complaint**

Plaintiff first seeks to amend his complaint to add Reginald Wilkinson, Terry Collins, Robert Keyes, Dr. Ronald Moomaw, M. K. Northrup, and "A.B." He avers that Wilkinson is the former director of the Ohio Department of Rehabilitation and Corrections ("ODRC"), Collins is its current director, Keyes is the Deputy Director of Human Resources, and Dr. Moomaw is the Director of Clinical Services. He also avers that Northrup is the warden of Corrections Medical Center ("CMC"), and that "A.B." is its medical director. In his initial complaint, he named the Pickaway Correctional Institution ("PCI"), ODRC, and CMC as defendants. However, the

Magistrate Judge, in his January 7, 2009 Report and Recommendation, recommended that these institutions be dismissed on grounds that they cannot be defendants to a 42 U.S.C. §1983 action such as this. According to his Objections (Doc. 69) to the Report and Recommendation, Plaintiff acknowledges this, and now seeks to name instead individual employees of these government agencies, arguing that they were were aware of, and indifferent to, unconstitutional policies and practices in the State of Ohio's correctional system. According to his motion, he originally named the agencies themselves "mistakenly", and apparently requests that these individuals simply be substituted in place of all references to their respectice agencies. (Doc. 68 at 1-2.)

Defendants have made no objection to Plaintiff's request to amend his complaint. However, the document entitled "Plaintiff's Amendment to Original Complaint" (Doc. 68 at 2) does not offer any specificity as to the claims asserted against these new defendants, except to state that he is "identifying those defendants originally named only in general terms by their respective State agencies". Plaintiff cannot request that the Court simply deem, *e.g.*, the names "Reginald Wilkinson", "Terry Collins", "Robert Keyes", and "Ronald Moomaw" to appear everywhere in Plaintiff's Complaint where he previously referred to "Ohio Department of Rehabilitation and Corrections". If he wishes to move for leave to file an amended complaint naming new defendants, then Plaintiff must provide the Court with a proposed amended complaint alleging what each defendant did to deny Plaintiff a constitutional right. Plaintiff's Motion for Leave to Amend Complaint

2

(Doc. 68) is accordingly **DENIED WITHOUT PREJUDICE**.

**Doe Defendants**

In his original complaint, Plaintiff named as defendants Jane Doe, Jenny Doe, and John Doe, all nurses at CMC whom he claims recklessly and willfully neglected to properly tend his wounds (Doc. 3 at 21-22). On September 29, 2008, the defendants affiliated with ODRC and CMC filed a motion to stay discovery pending the resolution of their motion to dismiss. (Doc. 18.) On October 29, 2008, Plaintiff asked the Court to compel discovery from CMC, so that he could determine the identities of the three Doe defendants and effect service upon them. (Doc. 34.) On November 5, 2008, he filed a motion to toll the service period requirement in Fed. R. Civ. Pro. 4(m) with respect to several defendants, including the three Doe defendants. (Doc. 36.) On November 6, 2008, he filed several discovery requests, including a set of interrogatories propounded to Corrections Medical Center concerning the identities of the Doe defendants. (Doc. 43.) On December 1, 2008, Plaintiff filed a motion to compel, complaining that Defendants' motion to stay discovery was frivolous and intended only to delay. (Doc. 53.)

In an Order of January 7, 2009 (Doc. 60), the Court stated that it "presumes that discovery in this case will proceed normally once the District Judge has issued a ruling upon the report and recommendation of the Magistrate Judge with respect

to the prison defendants", and denied Plaintiff's motion to compel (Doc. 34).[1] In a further order of February 12, 2009, Plaintiff was ordered to file a status report stating his readiness to conduct discovery on or before June 30, 2009. On March 31, 2009, Plaintiff filed the motion to compel presently at bar. (Doc. 72.)

The Court has recently issued a ruling upon the January 7, 2009 Report and Recommendation. Discovery in this case can now proceed normally, as stated in the order of that date. The Court presumes that dismissed defendant CMC will respond to the discovery requests which have been served upon it, and that it will do so within the deadlines established by Fed. Rs. Civ. Pro. 33 and 34.[2] Plaintiff's Motion to Compel (Doc. 72) is therefore **DENIED** but **WITHOUT PREJUDICE** to so move again if necessary. Plaintiff's Motion for Extension of Time (Doc. 71) is **GRANTED**. Plaintiff shall have until June 30, 2009, the same date set for his discovery status report, to effect service of process upon the Doe defendants. Moreover, as Defendants' Motion to Dismiss with respect to the prison defendants has now been adjudicated, their Motion to Stay Discovery (Doc. 18) is **DENIED AS MOOT**.

---

[1] The "prison defendants" here are PCI, ODRC, CMC, James Erwin, Alan Lazzeroff, Tobie Valentine, Dr. Gonzales, Officer Maynard, and Roger Kirk. The Report and Recommendation of January 7, 2009 recommended that all of these be dismissed except Dr. Gonzales and Officer Maynard. Doc. 61.

[2] The Court notes that Defendants did not object to the Report and Recommendation of January 7, 2009, even though it denied their motion to dismiss with respect to two defendants, concerning whom discovery could presumably have proceeded.

4

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
