IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN HENRICKS,                      :

    Plaintiff              :    Civil Action 2:08-cv-580

v.                                  :    Judge Smith

PICKAWAY CORRECTIONAL               :    Magistrate Judge Abel
INSTITUTION, *et al.*,
                                    :
    Defendants.

**ORDER**

Defendants have filed their response to Plaintiff's discovery report, and state that they have now provided Plaintiff with all the medical records in ODRC's possession concerning him, including the Corrections Medical Center ("CMC") records from 2006 concerning his stay there. Plaintiff has since filed a new motion to compel (Doc. 127) and a fourth set of interrogatories (Doc. 128). He argues that the records provided by Defendants are still not sufficient to permit him to identify and serve the nurses who attended him at CMC, because the personnel are identified only by signatures, some of which, he asserts, are illegible. Defendants, in their response to Plaintiff's discovery report, state:

> Numerous nurses and other personnel have signed off on entries in those records concerning the care that was provided Plaintiff at CMC, and Plaintiff himself can view those signatures. Those signatures provide the information Plaintiff was earlier seeking about which

> nurses took care of him while at CMC. Should Plaintiff have questions
> about particular signatures of pages in those records, he is encouraged
> to contact the undersigned and whatever information is available will
> be provided.

(Doc. 124 at 1-2.)

Rule 33(d) of the Federal Rules of Civil Procedure gives litigants the option, under certain circumstances, to respond to interrogatories by providing copies of the records in which the information can be found. However, a litigant may do this only if "the burden of deriving or ascertaining the answer will be substantially the same for either party." As Plaintiff argues in his newest motion, the burden of determining which nurses were on shift at CMC on a particular night based upon their signed entries in CMC records is significantly greater for the party without access to CMC's personnel department records. However, Plaintiff in his motion to compel "invites defense counsel to examine the nurses' notes provided him to date, to see if she can even come up with a conclusive full name." (Doc. 128 at 2.) The Court takes this to mean that Plaintiff has not yet conferred with Defendants' counsel as she offered or otherwise sought extrajudicial means of resolving the particular controversy as mandated by S.D. Ohio Civ. R. 37.2.

Plaintiff additionally requests an order compelling Defendant Maynard to comply with a set of requests for admissions propounded upon him on March 1, 2010, which appear on the electronic docket as Doc. 113. He states that "Defense

Counsel has responded to this request by objecting 'to the form of the question(s)'."[1] (Doc. 127 at 2.) Plaintiff, however, has not filed copies of the correspondence relating to the discovery requests upon Defendant Maynard, and the Court is therefore unable to determine the nature of Defendant's alleged refusal and to consider a motion to compel.

Defendants' motion for an extension of time to file their discovery report reply (Doc. 122) is **GRANTED**. Plaintiff's Fourth Motion to Compel (Doc. 127) is **DENIED WITHOUT PREJUDICE** to file a new motion to compel if extrajudicial means of ascertaining the information he seeks are unsuccessful. Plaintiff's Fourth Request for Discovery (Doc. 128) appears to be a set of interrogatories propounded upon Defendant Dr. Gonzalez-Lockhart, not a motion, and the Clerk of Court is accordingly **DIRECTED** to terminate it as a motion.

s/Mark R. Abel<br>United States Magistrate Judge

---

[1] A cursory examination of Doc. 113, entitled "Request for Admissions Propounded to Defendant Michael Maynard", reveals that it consists in form not of requests for admissions (pursuant to Rule 36) but rather interrogatories (pursuant to Rule 33). Though, as noted above, neither Defendants' responses to these requests nor correspondence relating to them is in the record, the Court presumes that Defendants have treated them as interrogatories regardless of the name Plaintiff has given them and responded accordingly, or that they will promptly do so.