IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN HENDRICKS,

        Plaintiff,

vs.                                   Case No.: 2:08-cv-580
                                       JUDGE SMITH
                                       Magistrate Judge Abel

PICKAWAY CORRECTIONAL
INSTITUTION, *et al.*,

        Defendants.

**ORDER**

On September 9, 2013, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants Ida Gonzalez, M.D. and Correction Officer Michael Maynard's May 29, 2013 Motion for Summary Judgment be **DENIED;** Plaintiff's July 1, 2013 Motion to Strike (Doc. 209) and his August 9, 2013 Motion to Strike (Doc. 221) be **GRANTED**; and Defendants' July 23, 2013 Motion for Leave to Answer Instanter (Doc. 215) be **DENIED**. (*See Report and Recommendation*, Doc. 226).  The parties were advised of their right to object to the *Report and Recommendation.*  This matter is now before the Court on Defendants' Objections to the Magistrate Judge's *Report and Recommendation*.  (*See* Doc. 226).  The Court will consider the matter *de novo*.  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

The objections present issues that were fully briefed and considered by the Magistrate Judge in the *Report and Recommendation*.  For the reasons stated in the *Report and Recommendation*, this Court finds that the objections are without merit.

The Court notes that it is sympathetic to Defendants' position that their attorney failed to file an answer on their behalf and ultimately waived their defenses.  However, Defendants' insistence that the Report and Recommendation is contrary to law is incorrect.  The Supreme Court has determined, however, that an inmate is not required to specially plead or demonstrate exhaustion in his complaint; rather failure to exhaust administrative remedies is an affirmative defense.  *Jones v. Bock,* 549 U.S. 199, 212–17, 127 S.Ct. 910, 919–21, 166 L.Ed.2d 798 (2007). "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir.2000). And. like any other affirmative defense, reliance on the PLRA exhaustion requirement can be waived. *Johnson v. Testman,* 380 F.3d 691, 695 (2d Cir.2004); *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 536 (7th Cir.1999) ("Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations."); *Randolph v. Rodgers,* 253 F.3d 342, 347 n. 11 (8th Cir.2001); *see also Rose v. Saginaw County,* 232 F.R.D. 267, 277–78 (E.D.Mich.2005) (finding that the defendants had waived their right to rely on the PLRA's administrative exhaustion requirement where they did not assert this affirmative defense until three years after the plaintiffs' amended complaint was filed and after their previously-filed dispositive motions had been decided).

Accordingly, the *Report and Recommendation,* Document 226, is **ADOPTED** and **AFFIRMED.**  Defendants Ida Gonzalez, M.D. and Correction Officer Michael Maynard's May 29, 2013 Motion for Summary Judgment is hereby **DENIED**; Plaintiff's July 1, 2013 Motion to Strike (Doc. 209) and his August 9, 2013 Motion to Strike (Doc. 221) are **GRANTED**; and Defendants' July 23, 2013 Motion for Leave to Answer Instanter (Doc. 215) is **DENIED**.

The Clerk shall remove Documents 205, 209, 215, 221, 225 and 226 from the Court's pending motions list.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**