IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN K. HENRICKS,

    Plaintiff,

  v.

                            Case No. 2:08-cv-00580
                            Judge Smith
                            Magistrate Judge King

PICKAWAY CORRECTIONAL INSTITUTION,
*et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

      This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff alleges that, while he was incarcerated at the Pickaway Correctional Institution ("PCI"), Dr. Ida Gonzalez and Corrections Officer Michael Maynard (collectively, "defendants") were deliberately indifferent to plaintiff's serious medical needs.[1] This matter is now before the court on *Defendants Dr. Ida Gonzalez and Officer Michael Maynard's Motion for Leave to Pursue a Qualified Immunity Defense by Establishing That There Is No Genuine Issue of Material Fact Which Would Require Empanelling a Jury*, ECF 238 ("*Motion for Leave*"). Because resolution of the *Motion for Leave* may foreclose a significant defense and will certainly significantly impact the trial in this action, the undersigned issues only a recommended disposition of the motion.

---

[1] Although plaintiff originally asserted additional claims against additional defendants, only these claims against defendants Gonzalez and Maynard remain.

1

**Background**

Earlier in these proceedings, this Court struck defendants' affirmative defenses based on failure to exhaust administrative remedies and qualified immunity because defendants had failed to raise the defenses in an answer. *Order and Report and Recommendation,* ECF 226; *Order*, ECF 229. On interlocutory appeal, the United States Court of Appeals for the Sixth Circuit held that this Court had not abused its discretion in finding a waiver of the defense of qualified immunity. *Henricks v. Pickaway Correctional Institution*, 782 F.3d 744 (6th Cir. 2015).[2] However, the Sixth Circuit also expressly held that this Court "on remand may determine that the defendants' waiver of qualified immunity in pre-trial proceedings does not preclude the defendants from asserting the defense at trial." *Id*. at 752.

At a status conference held in this case following the issuance of the mandate of the Court of Appeals, defendants indicated that they intended to pursue a qualified immunity defense. *See Order*, ECF 236. This Court therefore directed defendants to file a motion seeking leave to do so and addressing, "at a minimum, (1) whether defendants may pursue a qualified immunity defense, (2) the discovery, if any, necessary to the litigation of that defense, and (3) the effect of the denial of leave to pursue that defense." *Id*. Defendants thereupon filed their *Motion for Leave*. Plaintiff opposes the *Motion for Leave*. *Plaintiff's Memorandum in Opposition*, ECF 238. Defendants have filed a reply. *Defendants Dr. Ida Gonzalez and Officer Michael Maynard's Reply*

---

[2] The Sixth Circuit also held that it lacked jurisdiction to determine whether this Court had properly ordered stricken defendants' defense based on exhaustion of administrative remedies. *Henricks*, 782 F.3d at 752.

2

*in Support of Their Motion for Leave to Pursue Qualified Immunity as Authorized by the Court in Order (Document # 236)*, ECF 241 ("*Reply*").

**Discussion**

The *Motion for Leave* takes the position that defendants are entitled to the protection of the defense of qualified immunity and that trial on plaintiff's claims is unnecessary because of "the lack of evidence demonstrating a clearly established violation of the law. . . ." *Id*. at PAGEID# 1857. Defendants ask that the Court "either convert [the *Motion for Leave*] to a summary judgment pleading pursuant to Fed. R. Civ. P. 56, or allow additional briefing on this issue." *Id*. Attached to the *Motion for Leave* are a number of declarations of individuals who address the merits of plaintiff's claims. *Declaration of Andrew D. Eddy, M.D.* (with attached exhibits); *Declaration of Gregory M. Figg, M.D.* (with attached exhibits); *Declaration of Agnes M. Hurtuk, M.D.* (with attached exhibits); *Declaration of Sorabh Khandelwal, M.D.* (with attached exhibits); and *Declaration of Nneka Ezeneke, M.D.* Referring to this proffered evidence, defendants argue that there is "no evidence of deliberate indifference and accordingly, no evidence of a violation of a clearly established constitutional right." *Motion for Leave*, PAGEID# 1853.

In response, plaintiff characterizes the *Motion for Leave* as an impermissible second motion for summary judgment and argues that, because defendants failed to raise the defense of qualified immunity in an answer, they should not be permitted to assert that defense even at trial. Indeed, plaintiff contends, because defendants failed to file an answer, they have admitted the allegations in the *Complaint*

3

and should not be permitted to submit evidence that controverts those allegations. Plaintiff further argues that, because defendant Gonzalez was acting as an independent contractor, she is not entitled to invoke the protection of qualified immunity. In any event, plaintiff contends, there are genuine issues of material fact that preclude summary judgment in favor of the defendants. *See generally Plaintiff's Memorandum in Opposition*.

Qualified immunity is an affirmative defense that must be affirmatively pleaded. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The defense may be raised "in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *Id.* at 1089. Accordingly, if a party waives, fails to raise, or is denied the protection of qualified immunity at the motion for summary judgment stage, that party remains free to raise the defense at trial. *See Bolick v. City of East Grand Rapids*, 580 F.App'x 314, 322 (6th Cir. 2014). However, where the defense is raised at trial, the issue is resolved by the trial record, not by the record on summary judgment. *Id.* (citing *Ortiz v. Jordan*, 562 U.S. 180 (2011)).

As noted *supra*, this Court ordered stricken the defense of qualified immunity and denied defendants' motion for summary judgment. *Order and Report and Recommendation,* ECF 226; *Order,* ECF 229. It would therefore be inappropriate, in the view of this Court, to permit defendants to raise that defense at the pretrial stage, in a renewed motion for summary judgment or otherwise. However, the Court of Appeals left open the possibility that defendants might pursue that

4

defense at trial. *Henricks*, 782 F.3d at 752; *see also English*, 23 F.3d at 1090 ("the trial court has discretion to find a waiver...[; s]uch a waiver, however, need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted").

Ordinarily, federal courts favor resolution of claims and defenses on the merits rather than "on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). In determining whether a party who has waived the defense of qualified immunity at one stage of the proceedings may be found to have waived the defense at a subsequent stage, a court must consider whether the delay in raising the defense was intentional and the extent to which the plaintiff will suffer prejudice. *English,* at 1090 n.1.

In the case presently before the Court, the waiver of the defense of qualified immunity was a consequence of inaction on the part of defense counsel, not the parties, and it would be harsh indeed to impose on an individual litigant a penalty for a default of counsel. Moreover, although the Court declines to consider at this juncture the evidence attached to the *Motion for Leave*, and although this Court declines to speculate at this juncture as to the merits of such a defense, the Court is nevertheless persuaded that a colorable defense of qualified immunity may be presented at trial.

The Court acknowledges that plaintiff may be prejudiced by the delay associated with the assertion of the defense of qualified immunity at trial. There has already been extraordinary delay in

5

bringing this litigation to final resolution. Some of that delay has been justified; some of that delay has not. Moreover, additional discovery may be required because at least some of the evidence upon which defendants intend to rely at trial[3] originates with individuals whom defendants failed to previously disclose to plaintiff. *See Plaintiff's Memorandum in Opposition*, PAGEID# 1915. However, the Court concludes that this prejudice may be ameliorated to an extent by reopening discovery for a very brief period of time in order to permit the parties to prepare for a trial at which all parties have the opportunity to fully address the merits of all claims and defenses. To that end, the Court will expect counsel for the parties to confer with each other with a view to proposing a schedule that permits the parties to conduct the necessary additional discovery.

Plaintiff contends that, even if the defense of qualified immunity has not been waived for all purposes, defendant Gonzalez may not properly invoke the protection of that defense. The parties agree that, during the relevant period, defendant Gonzalez was employed – not by the States of Ohio – but by Clinicare Consultants, Inc., a medical practice hired by PCI or the Ohio Department of Rehabilitation and Correction to provide medical services to prison inmates. *March 20, 2013 Deposition of Ida Gonzalez Lockhart, M.D.,* ECF 208-14, PAGEID# 1430, 1437; *Plaintiff's Memorandum in Opposition*, PAGEID# 1913; *Reply*, PAGEID# 1949.

---

[3] The proffered evidence would presumably relate to the merits of the case, in addition to the defense of qualified immunity.

6

It has long been established that physicians who render medical services to inmates pursuant to a contract with a state act under color of state law for purposes of § 1983. *West v. Atkins*, 487 U.S. 42 (1988). However, "a party is not entitled to assert qualified immunity simply because he is amenable to suit under § 1983." *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012)(psychiatrist employed by non-profit entity to provide services in county jail not entitled to assert qualified immunity). It is only if "(1) there was a firmly rooted history of immunity for similarly situated parties at common law; and (2) whether granting immunity would be consistent with the history and purpose of § 1983," that the party may invoke the protections of the defense. *Id.* (citing *Filarsky v. Delia*, -- U.S. --, 132 S.Ct. 1657, 1662 (2012)).

The Sixth Circuit expressly held in *McCullum* that "there does not appear to be any history of immunity for a private doctor working for the government, and the policies that animate our qualified-immunity cases do not justify our creating an immunity unknown to the common law." *Id.* at 704. District courts within the Sixth Circuit have applied the reasoning of *McCullum* to hold that independent contractors providing medical care in state prisons or county jails are not entitled to the protections of qualified immunity. *McDaniel v. Sevier County*, No. 3:13-cv-208, 2013 WL 1120866, at *5 (E.D. Tenn. Mar. 18, 2013)(physician in county jail); *Hamilton v. Pike County*, No. 11-99-ART, 2013 WL 529936, at *9-10 (E.D. Ky. Feb. 11, 2013)(physician in Kentucky county jail). *See also Estate of Pridemore v. Bluegrass Regional Mental Health-Mental Retardation Bd*. 2012 WL 6691597 (E.D.

7

Ky. Dec. 21, 2012)(licensed clinical social worker). *See also Harrison v. Ash,* 539 F.3d 510, 519-24 (6th Cir. 2008)(Michigan prison nurses employed by private entity not entitled to invoke qualified immunity).

*Lee v. Willey*, 543 F.App'x 503 (6th Cir. 2013), in which the Sixth Circuit held that a psychiatrist working on a contract basis for the Michigan Department of Corrections could not assert the protections of the defense of qualified immunity, reaffirmed *McCullum* on this issue. *Lee,* at 503-04. In doing so, the Sixth Circuit rejected the propositions that (1) previous Supreme Court decisions provided for common-law immunity for private doctors; (2) the *McCullum* Court erroneously assumed that nineteenth century courts' silence on this issue meant that immunity did not exist; (3) physicians are not distinguishable from other protected functions; and (4) *McCullum* applies only to private prisons and private prison employees. *Id.* at 506-07.

Defendants cite *Reilly v. Vadlamudi*, 680 F.3d 617 (6th Cir. 2012) and *Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997), for the proposition that certain private employees working for state or local entities are entitled to the protection of qualified immunity. *See Reply*, PAGEID# 1950. In *Cullinan*, however, the relevant defendants were outside attorneys acting directly as agents for the City of Louisville, Kentucky. *See id.* at 310. Furthermore, and although *Reilly* involved a physician working in a Michigan prison, both *Reilly* and *Cullinan* were decided before the issue was clarified by the Sixth Circuit in *McCullum* and reaffirmed in *Lee*.

8

In support of defendant Gonzalez' claim to qualified immunity, defendants also refer to *Santiago v. Ringle*, 734 F.3d 585 (6th Cir. 2013), in which "the Sixth Circuit . . . determined that two (2) physicians, who were incidentally also employed as was Dr. Gonzalez, through Clinicare Consultants, Inc., were entitled to an award of qualified immunity." *Reply*, PAGEID# 1950. However, although the Sixth Circuit in *Santiago* affirmed the district court's award of qualified immunity to the doctors working in an Ohio prison, the court did so on the basis that the plaintiff had not established a violation of a constitutional right. *Id*. at 593.

Defendant Gonzalez also argues that, although she worked at the relevant time for an entity other than the State of Ohio, she is nevertheless a state "employee" entitled to the defense of qualified immunity. Ohio law includes in the definition of "[o]fficer or employee" of the State a "person that [sic], at the time of a cause of action against the person . . . is rendering medical . . . services pursuant to a personal services contract . . . with a [state] department, agency, or institution"). O.R.C. § 109.36(A)(1)(b). Defendants note that defendant Gonzalez is, like defendant Maynard, represented in this action by the Ohio Attorney General and they specifically represent[4] that defendant Gonzalez, if found liable, will be indemnified by the State of Ohio. *Id.*

This Court has found no authority construing the effect of O.R.C. § 109.36(A)(1)(b) on the availability of the defense of qualified

---

[4] Defendants provide no evidence in support of this representation; however, they offer to do so upon request. *Reply*, PAGEID# 1949.

9

immunity to a prison doctor employed by a private entity, and the parties have pointed to none. However, it is significant that it was not defendant Gonzalez who contracted with the State of Ohio to provide medical services to prison inmates; it was her employer that did so. A number of Ohio courts have held that a physician employed by an independent contractor is not a state employee within the meaning of § 109.36(A)(1)(b). *Marotto v. Ohio State Univ. Med. Ctr.,* 2014-Ohio-4549, ¶¶ 44-45, 21 N.E.3d 643, 654 (Ohio 10th Dist. Ct. App. 2014); *Smith v. Ohio State Univ. Hosp.*, 110 Ohio App. 3d 412 (Ohio 10th Dist. Ct. App. 1996); *Cullen v. Ohio Department of Rehabilitation and Correction*, 125 Ohio App. 3d 758, 765 (10th Dist. Ct. App. 1998); *Nichols v. Villarreal,* 94 Ohio App. 3d 173 (10th Dist. Ct. App. 1994); *Ballengee v. Ohio Dept. of Rehab. & Corr.,* 79 Ohio Misc. 2d 69, 76 (Ohio Ct. Cl. 1996).

This Court concludes that defendant Gonzalez may not invoke the defense of qualified immunity. This defendant has failed to point to any firmly rooted tradition of immunity conferred on private parties like her, nor does the history and purpose of § 1983 justify extending this defense to her. *See McCollum*.

It is therefore **RECOMMENDED** that defendants' *Motion for Leave*, ECF No. 238, be **GRANTED** with regard to defendant Maynard's assertion of a qualified immunity defense at trial, and **DENIED** with respect to defendant Gonzalez. The parties are **DIRECTED** to propose a revised schedule within 14 days.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

10

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      *s/ Norah McCann King*
      Norah McCann King
      United States Magistrate Judge

November 25, 2015