IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN HENRICKS,

                Plaintiff,

                                        Case No. 2:08-cv-00580
        v.                              Judge Smith
                                        Magistrate Judge King

PICKAWAY CORRECTIONAL INSTITUTION,
*et al.*,

                Defendants.


## ORDER AND REPORT AND RECOMMENDATION

        This matter is before the Court on plaintiff's *Motion for
Sanctions*, ECF No. 240, and defendants' *Motion to Strike Motion for
Sanctions*, ECF No. 243 ("*Motion to Strike*"). For the following
reasons, the *Motion to Strike* is **DENIED** and it is **RECOMMENDED** that the
*Motion for Sanctions* be **DENIED**. Because the Court concludes that the
*Motion for Sanctions* can be resolved without oral argument or
evidentiary hearing, plaintiff's request for oral argument or
evidentiary hearing, made in the *Motion for Sanctions,* is **DENIED**.

### I. Background

        This is a civil rights action under 42 U.S.C. § 1983 in which
plaintiff alleges that defendants were deliberately indifferent to
plaintiff's serious medical needs while plaintiff was incarcerated at
the Pickaway Correctional Institution. *See Complaint*, ECF No. 3.
Earlier in the proceedings, defendants raised, and this Court struck,
the defenses of qualified immunity and failure to exhaust

administrative remedies because defendants had failed to raise those
defenses. *Order and Report and Recommendation*, ECF No. 226; *Order*, ECF
No. 229.

On interlocutory appeal, the United States Court of Appeals for
the Sixth Circuit held that this Court had not abused its discretion
by holding that the defendants had waived the defense of qualified
immunity. *Henricks v. Pickaway Correctional Institution*, 782 F.3d 744
(6th Cir. 2015).[1] In addition, the Sixth Circuit held that this Court
may "on remand determine that the defendants' waiver of qualified
immunity in pre-trial proceedings does not preclude the defendants
from asserting the defense at trial." *Id.*

On remand, the defendants indicated at a status conference that
they intended to pursue a qualified immunity defense. *See Status
Conference Order*, ECF No. 236. This Court directed defendants to file
a motion seeking leave to do so and addressing, "at a minimum, (1)
whether defendants may pursue a qualified immunity defense, (2) the
discovery, if any, necessary to the litigation of that defense, and
(3) the effect of the denial of leave to pursue that defense." *Id.*

Defendants thereafter filed *Defendants Dr. Ida Gonzalez and
Officer Michael Maynard's Motion for Leave to Pursue a Qualified
Immunity Defense by Establishing That There Is No Genuine Issue of
Material Fact Which Would Require Empanelling a Jury*, ECF No. 238
("*Motion for Leave*"). In the *Motion for Leave*, defendants argued that
defendants Maynard and Gonzalez were entitled to raise qualified

---

[1] The Sixth Circuit also held that it lacked jurisdiction to determine whether
this Court properly ordered stricken defendants' defense of failure to
exhaust administrative remedies. *See id.* at 752.

2

immunity as a defense and asked this Court to convert the *Motion for Leave* into a summary judgment motion or allow additional briefing on the issue. *See Motion for Leave,* PAGEID# 1857. Plaintiff responded that the *Motion for Leave* constituted an impermissible second motion for summary judgment and that, in any event, defendant Gonzalez was not entitled to invoke the protections of the qualified immunity defense because of her status as an independent contractor. *See generally Plaintiff's Response in Opposition*, ECF No. 239.

It was recommended that the *Motion for Leave* be granted with regard to defendant Maynard's assertion of a qualified immunity defense at trial, and denied with respect to defendant Gonzalez. *Report and Recommendation*, ECF No. 246.  That recommendation remains pending.

Plaintiff's *Motion for Sanctions* was filed in response to the *Motion for Leave.* The *Motion for Sanctions* asks that this Court sanction defendants' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 because (1) the *Motion for Leave* sought relief foreclosed by the Sixth Circuit; (2) defendants ignored binding precedent that forecloses defendant Gonzalez' assertion of qualified immunity; and (3) defendants sought summary judgment by contesting facts that have been legally admitted. *See Motion for Sanctions,* PAGEID# 1920.

In response to the *Motion for Sanctions,* defendants filed the *Motion to Strike,* invoking Rule 12(f)(2) of the Federal Rules of Civil Procedure and arguing that the *Motion for Sanctions* is redundant, immaterial to the proceedings, and scandalous. *See Motion to Strike,*

PAGEID# 1972-73. Plaintiff takes the position that the *Motion to Strike* is both substantively and procedurally flawed. *Response to Motion to Strike*, ECF No. 244.

## II. Discussion

### A. Defendants' *Motion to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) applies only to pleadings "and is inapplicable to other filings." *See Dawson v. City of Kent*, 682 F.Supp. 920, 922 (N.D. Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988) (refusing to rely on Rule 12(f) to strike an affidavit attached to a summary judgment motion); *see also Lombard v. MCI Telecomms. Corp.*, 13 F.Supp.2d 621, 625 (N.D. Ohio 1998); *Zaloga v. Provident Life and Accident Ins. Co. of America*, 671 F.Supp.2d 623, 632-33 (M.D. Penn. 2009) ("Motions to strike are decided on the pleadings alone"). "Pleadings" are specified by the Federal Rules of Civil Procedure as (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions are not included in this specification.

Because the *Motion to Strike* improperly invokes Rule 12(f) in asking that the *Motion for Sanctions* be stricken, the *Motion to Strike* is **DENIED**.

4

**B. Plaintiff's *Motion for Sanctions***

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part, that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name[.]"  Fed. R. Civ. P. 11(a). This signature certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" the pleading, motion or paper, *inter alia*, "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b)(1).

Determining whether Rule 11 has been violated depends on "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). In making this determination, "district courts must strike a delicate balance between protecting the adversary system and not allowing attorneys to exploit the system for their own purposes." *Davis v. Crush*, 862 F.2d 84, 89 (6t Cir. 1988) (quotation marks and citation omitted). Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *McGhee v. Sanilac County*, 934 F.2d 89, 92 (6th Cir. 1991) (quoting Fed. R. Civ. P. 11 advisory committee's note) (internal quotation marks omitted). "The decision to impose or deny sanctions is within the discretion of the trial court[.]" *Parsons v. Fisher-Titus Medical Ctr.*, No. 95-4069, 1996 U.S. App. LEXIS 22431, at *5 (6th Cir. Aug. 2, 1991)

Finally, a motion for sanctions under Rule 11 may not be filed "if the challenged paper, claim, defense, contention, or denial is

withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Accordingly, Rule 11 provides a "safe harbor" that protects a party against a motion for sanctions upon timely withdrawal of the challenged motion or paper. *See*, *e.g.*, *Ridder,* 109 F.3d at 294 (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)). In the case presently before the Court, plaintiff represents that defense counsel declined to withdraw the *Motion for Leave* despite plaintiff's counsel's request. *Motion for Sanctions,* PAGEID# 1920.

Section 1927 of Title 28 of the United States Code provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2015). Sanctions under 28 U.S.C. § 1927 are warranted "when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Oakstone Comm. Sch. V. Williams*, 615 Fed. App'x 284, 289 (6th Cir. 2015) (citation omitted). The imposition of sanctions under 28 U.S.C. § 1927 requires more than a mere showing of negligence or incompetence, although it does not require a showing of subjective bad faith. *See id.* Furthermore, "an attorney's conduct becomes sanctionable when she intentionally abuses the judicial process or knowingly disregards the risk that her actions will needlessly multiply proceedings." *Id.; see also In re Ruben*, 825 F.2d 977, 984

(6th Cir. 1987); *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992).

Plaintiff first observes that, with the denial of the *Motion to Strike*, the *Motion for Sanctions* "stands unopposed." *Motion for Sanctions,* PAGEID# 1978. However, the local rules of this Court provide that "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees." S.D. Ohio Civ. R. 7.2(a)(2).[2] Furthermore, federal courts prefer to decide cases on the merits, rather than on the basis of procedural missteps. *See, e.g.*, *Fayzullina v. Holder*, 595 Fed. Appx. 608, 615 (6th Cir. 2015)(Referring to "the Supreme Court's longstanding rejection of 'the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[ance of] the principle that the purpose of pleading is to facilitate a proper decision on the merits.'")(quoting *United States v. Hougham*, 364 U.S. 310, 317 (1960)). *See also United States v. $22,050.00,* 595 F.3d 318, 322 (6th Cir. 2010). The Court therefore declines to award sanctions on this basis.

Plaintiff claims that the filing of the *Motion for Leave* is sanctionable because the Sixth Circuit held that defendants were not entitled to assert a defense of qualified immunity in the pretrial stage of the litigation. *Motion for Sanctions,* PAGEID# 1925. This Court agrees that defendants' request to convert the *Motion for Leave*

---

[2] Plaintiff apparently seeks sanctions in the form of an award of attorney's fees, to be determined "by supplemental motion or hearing." *Motion for Sanctions*, PAGEID# 1936.

into a second motion for summary judgment was improper. *See Report and Recommendation*, ECF No. 246. The Sixth Circuit unambiguously held that the defense of qualified immunity had been waived in the pretrial stage. *See Henricks*, 782 F.3d at 749,750-52 ("Only one issue raised in this interlocutory appeal is properly before us: whether the district court was correct to hold at the summary judgment stage that Officer Maynard and Dr. Gonzalez waived the affirmative defense of qualified immunity. . . . [T]he district court did not abuse its discretion in presuming prejudice to Henricks and finding waiver. . . . [O]n remand [the district court] may determine that the defendants' waiver of qualified immunity in pre-trial proceedings does not preclude the defendants from asserting the defense at trial.").

However, the Court also concludes that the filing of the *Motion for Leave* is not sanctionable under either Rule 11 or § 1927. Defendants were permitted by this Court to address the assertion of a qualified immunity defense. *Status Conference Order.* The *Motion for Leave* addressed the three issues articulated by the Court in the *Status Conference Order*. *See Motion for Leave,* PAGEID# 1843, 1853-54. The fact that defendants also presented an argument in the *Motion for Leave* that this Court rejected, *see Report and Recommendation*, ECF No. 246, does not alone militate in favor of an award of sanctions.

Plaintiff also complains that the *Motion for Leave* willfully ignored binding Sixth Circuit precedent on the issue of defendant Gonzalez' invocation of qualified immunity in this case. *Motion for Sanctions,* PAGEID# 1932 (citing *McCullum v. Tepe*, 693 F.3d 696 (6th

Cir. 2012)).[3] This Court again concludes that an award of sanctions on this basis is unwarranted.

It is true that the *Motion for Leave* addressed neither the significance of defendant Gonzalez' status as an independent contractor nor *McCullum*. Rather, the motion primarily addressed the merits of plaintiff's constitutional claim against defendant Gonzalez. However, in replying to plaintiff's reference to *McCullum*, defendants attempted to distinguish *McCullum* by, *inter alia*, citing a state statute that had no application to the psychiatrist in *McCullum*. *Reply in Support of Their Motion for Leave,* ECF No. 241, PAGEID# 1949-50. Although that argument was rejected by this Court, *see Report and Recommendation*, ECF No. 246, PAGEID# 2054-55, the Court cannot conclude that, under these circumstances, an award of sanctions is appropriate.

Finally, plaintiff contends that, because defendants' failure to file a timely answer is tantamount to the legal admission of all factual allegations in the *Complaint*, defendants' attempt to contest those allegations is sanctionable under Rule 11 and 28 U.S.C. § 1927.

---

[3] *McCullum* involved a claim under 42 U.S.C. § 1983 against, *inter alia*, a prison psychiatrist for alleged deliberate indifference to the mental health needs of a prisoner who later committed suicide. *Id.* at 697-99. The psychiatrist was employed by an independent, non-profit organization but worked at the Butler County Prison, a county facility. In holding that the psychiatrist was not entitled to the protections of qualified immunity in connection with his activities at the prison, the Sixth Circuit reasoned:

> [T]here does not appear to be any history of immunity for a private doctor working for the government, and the policies that animate our qualified-immunity cases do not justify our creating an immunity unknown to the common law. Thus, although we express no opinion on the ultimate validity of McCullum's claims, we AFFIRM the district court's conclusion that Tepe is not entitled to assert qualified immunity.

*Id.* at 704.

*Motion for Sanctions,* PAGEID# 1933-34. In response, defendants insist that 42 U.S.C. §1997e(g)[4] preserves their right to challenge the factual allegations presented by plaintiff, notwithstanding their counsel's failure to file a timely answer. *Motion to Strike,* PAGEID# 1970. Defendants' argument in this regard has not been addressed by this Court and plaintiff has not moved for default judgment because of defendant's failure to file a timely answer. *See* 42 U.S.C. § 1997e(g)(1)("No relief shall be granted to the plaintiff unless a reply has been filed."). Under these circumstances, the Court concludes that plaintiff's request for an award of sanctions on this basis is without merit.

For the foregoing reasons, the defendants' *Motion to Strike,* ECF No. 243, is **DENIED.** It is **RECOMMENDED** that plaintiff's *Motion for Sanctions,* ECF No. 240, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

---

[4] Section 1997e(g), which applies to actions such as this, provides that "[a]ny defendant may waive the right to reply to any action brought by a prisoner. . ." and that "such waiver shall not constitute an admission of the allegations contained in the complaint." § 1997e(g)(1).

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


    *s/  Norah McCann King____*
    Norah McCann King
    United States Magistrate Judge

December 21, 2015