**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN HENDRICKS,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**Case No.: 2:08-cv-580**
　　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge King**

**PICKAWAY CORRECTIONAL**
**INSTITUTION,** *et al.***,**

      **Defendants.**

**ORDER**

On November 25, 2015, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' Motion for Leave (Doc. 238) be granted with regard to Defendant Michael Maynard's assertion of a qualified immunity defense at trial, and denied with respect to Defendant Dr. Gonzalez.  (*See Report and Recommendation*, Doc. 246). The parties were advised of their right to object to the *Report and Recommendation.*  This matter is now before the Court on both Plaintiff and Defendants' Objections to the Magistrate Judge's *Report and Recommendation.*  (*See* Docs. 248 and 249).  The Court will consider the matter *de novo.*  *See* 28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b)(3).

The objections present issues that were fully briefed and considered by the Magistrate Judge in the *Report and Recommendation*.  Specifically, Defendants object to the Magistrate Judge's conclusion that Defendant Gonzalez many not invoke the defense of qualified immunity at trial.  Defendants assert that this finding is in direct conflict with United States Supreme Court

precedent set forth in *Ortiz v. Jordan*, 562 U.S. 180 (2011).  Defendants argue that prohibiting Dr. Gonzalez from raising in the issue of qualified immunity at trial bars her from raising the same issue on appeal.  However, the Court has reviewed the Magistrate Judge's conclusions on this issue and finds that Dr. Gonzalez's employer contracted with the State of Ohio to provide medical services.  A physician employed by an independent contractor is not a state employee within the meaning of O.R.C. § 109.36(A)(1)(b).  Therefore, Defendant Gonzalez has failed to establish that she is entitled to qualified immunity and may not invoke this defense.

Plaintiff has also filed an objection arguing that the Magistrate Judge's Report and Recommendation improperly grants Defendant Maynard the right to argue qualified immunity at trial when he didn't seek leave to do so.  Rather, he sought leave to argue qualified immunity pre-trial.  (Pl's Objections at 4).  The Court has carefully reviewed the briefs and the issue was properly before the Court.  The issue was first raised at oral argument before the Sixth Circuit Court of Appeals as noted "counsel for Henricks agreed at oral argument, the district court on remand may determine that the defendants' waiver of qualified immunity in pre-trial proceedings does not preclude the defendants from asserting the defense at trial." *Henricks v. Pickaway Corr. Inst., et al.*, 782 F.3d 744, 752 (6th Cir. 2015).  The issue was then raised before the Magistrate Judge at the status conference on May 11, 2015 and noted in the status conference order.  (*See* Doc. 236).  Finally, Defendants primarily focus on the opportunity to raise the qualified immunity defense prior to trial in their Motion (Doc. 238), but they also mention being forced to resubmit the same evidence at trial, noting their intent to raise this argument at trial.  (*See* Doc. 238 at 16).  Therefore, Defendant Maynard will have the opportunity to present the defense of qualified immunity at trial.

2

Accordingly, for the reasons set forth above and for the reasons stated in the *Report and Recommendation*, this Court finds that both Plaintiff and Defendants' objections are without merit.  The *Report and Recommendation,* Document 246, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 246, 248, and 249 from the Court's pending motions list.

**IT IS SO ORDERED**.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**