IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN HENRICKS,** | : | |
| | : | Case No. 2:08-CV-580 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Jolson |
| **PICKAWAY CORRECTIONAL** | : | |
| **INSTITUTION,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on two motions pertaining to Defendants' failure to file an answer to Plaintiff's complaint earlier in this litigation: Plaintiff John Henricks' Motion *in Limine* to Preclude Defendants from Offering Evidence or Argument Denying Facts that Have Been Legally Admitted Pursuant to Federal Rule of Civil Procedure 8(b)(6) (Doc. 270); and Defendants Officer Maynard and Doctor Gonzales' Motion *in Limine* to Prohibit the Plaintiff from Refusing to Adhere to 42 U.S.C. § 1997e(g).  (Doc. 276-1.)  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion *in Limine* and **DENIES** Defendants' Motion *in Limine*.[1]

### I. BACKGROUND

After Plaintiff filed a *pro se* complaint against Defendants on June 18, 2008, and a subsequent amended complaint on August 15, 2008, Defendants Maynard and Gonzales, along with other Defendants who have since been dismissed from the case, filed a motion to dismiss the complaint on September 26, 2008.  On May 11, 2009, the Court denied the motion to dismiss as to Maynard and Gonzales.  (Doc. 74.)  After their motion to dismiss was denied, Defendants failed to file an answer.  Four years later, they filed a motion for leave to file an answer *instanter*,

---

[1] The Court will rule on the parties' remaining motions *in limine* at the final pretrial conference.

and defense counsel, who had replaced previous counsel for the Attorney General's office in 2011, stated that she personally had not known that an answer had not been filed until Plaintiff, now represented by counsel, filed a motion to strike the affirmative defenses raised in Defendants' motion for summary judgment on the ground that Defendants had never filed an answer. (Doc. 215 at 2-3.) Arguing that the failure to file an answer was excusable neglect, Defendants's counsel took "full responsibility" for the failure and asked for leave to file the answer *instanter*. (*Id.* at 9-10.) Magistrate Judge Abel denied the motion, finding that "the failure to file an answer over a period of more than five years after the original complaint was filed—without any explanation of why no answer was filed—is not excusable neglect." (Doc. 226 at 4.) Defendants objected to the Magistrate Judge's order, and the District Judge (the Hon. George C. Smith) affirmed the order. (Doc. 229 at 2.)

The Court also denied Defendants' motion for summary judgment, holding that Defendants had waived their exhaustion and qualified-immunity defenses. (Doc. 229.) Although Defendants appealed the denial of their motion for summary judgment to the Sixth Circuit, they did not appeal the Magistrate Judge's order denying their motion to file an answer *instanter*. (*See* Doc. 233 at 5 n.1.) The Sixth Circuit held that it lacked jurisdiction to evaluate the district court's ruling on exhaustion requirement and that the district court did not abuse its discretion in holding that Defendants waived their qualified-immunity defense. (*Id.* at 3.)

Plaintiff now asks the Court to deem admitted all factual allegations in Plaintiff's complaint under Rule 8(b)(6) because Defendants never filed an answer. Defendants, in turn, have filed their own motion *in limine* "to prohibit the plaintiff from refusing to adhere to 42 U.S.C. § 1997e(g)." (Doc. 276-1.) Because Defendants' motion *in limine* essentially asks the

2

Court to deny Plaintiff's motion *in limine*, the Court will consider the two motions in conjunction.

## II.     STANDARD OF REVIEW

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not rely upon at trial.  *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)).  To prevail on a motion *in limine,* the movant must show that the evidence is clearly inadmissible.  *Id.*  If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial.  *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  Whether to grant a motion *in limine* is within the discretion of the trial court.  *Branham v. Thomas M. Cooley Law Sch.,* 689 F.3d 558, 562 (6th Cir. 2012).  The Court may reconsider the admissibility of the evidence, however, and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections."  *Bennett*, 2011 WL 4753414, at * 1 (*citing Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

## III.     ANALYSIS

Federal Rule of Civil Procedure 8(b)(6) provides, in relevant part, that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Countless courts have held that the failure to submit an answer denying a complaint's factual allegations constitutes an admission of those allegations.  *See, e.g.*, *Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996)

("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually."); *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980); *Arnold v. Afflerbach*, No. 10-cv-5742, 2012 WL 993706, at *1 (E.D. Pa. Mar. 26, 2012); *Jones v. Lopez*, 262 F. Supp. 2d 701, 709 n.2 (W.D. Tex. 2001) ("[T]he failure to deny plaintiff's averments operates as an admission pursuant to Fed. R. Civ. P. 8(d). Because the factual averments were not denied, defendants have admitted plaintiff was unlawfully detained some 253 days beyond the mandatory release date in the order by which he was originally confined."); *Mapco, Inc. v. Grunder*, 470 F. Supp. 401, 406 (N.D. Ohio 1979).

Defendants contend, however, that a responsive pleading is not required under the Prison Litigation Reform Act ("PRLA"), 42 U.S.C. § 1997e(g) and, therefore, their failure to file an answer does not constitute an admission of the factual allegations in Plaintiff's complaint.  Under the PLRA, in a departure from normal pleading rules, federal courts must review a prisoner complaint *sua sponte* to determine whether such a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a)-(b).  Section 1997e(g), in turn, provides as follows:

> (g) Waiver of reply
>
> **(1)** Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> **(2)** The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

4

Here, Defendants chose not to waive the right to reply and filed a motion to dismiss. (Doc. 17.) Therefore, section 1997e(g) is inapplicable to this suit. Instead, Defendants were bound to follow the Federal Rules of Civil Procedure, which require an answer to be filed within 14 days of the denial of a motion to dismiss, or May 25, 2009. Fed. R. Civ. P. 12(a)(4)(A).

Maynard and Gonzales argue that section 1997e(g) contemplates that even if a defendant declines to waive the right to reply by filing a motion to dismiss, as happened here, the defendant is *never* obligated to file an answer, even if the court denies the motion to dismiss. That interpretation is contrary to the plain text of the statute and Defendants point to no court that has held otherwise. A reply under section 1997e(g) constitutes an answer, a motion to dismiss, or a motion for summary judgment. *See Lafountain v. Martin*, No. 1:07-cv-76, 2009 WL 4729933, at *3 (W.D. Mich. Dec. 3, 2009). The statute clearly contemplates that the waiver of the right to reply is optional and contains no indication that if a defendant does choose to reply by motion, he is then no longer obligated *ever* to file an answer if his motion is denied.

Defendants purport to rely on *Jones v. Bock*, 549 U.S. 199 (2007), but that case does not support their position. In *Jones*, the Supreme Court rejected the lower court's interpretation of the PLRA requiring an inmate to plead specially or demonstrate exhaustion in a complaint, finding that the adoption of "different and more onerous pleading rules to deal with particular categories of cases" should not be done "on a case-by-case basis by the courts." *Id.* at 224. The Court cited section 1997e(g) for the principle that "when Congress meant to depart from the usual procedural requirements," that is, the waiver of reply without the usual consequences of being deemed to have admitted the allegations in the complaint, "it did so expressly." *Id.* at 216. If Congress had intended to allow defendants in prisoner civil-rights cases not to file an answer after a motion to dismiss was denied—which would have operated as a waiver of the

5

requirements of Federal Rule of Civil Procedure 12(a)(4)(A) in PLRA cases—it would have expressly done so. *See* Fed. R. Civ. P. 12(a)(4)(A) ("[I]f the court denies the [Rule 12] motion . . ., the responsive pleading must be served within 14 days after notice of the court's action.").[2]

Plaintiff points out an additional flaw in Defendants' interpretation of the statute. Taken to its logical conclusion, because the statute provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed," 42 U.S.C. § 1997e(g)(1), a defendant could always avoid liability, even after a jury verdict against it, if it never filed an answer after a motion to dismiss was denied. That would be an absurd result. Instead, section 1997e(g) clearly applies to cases where the defendant has *waived* the right to reply.

In response to Defendants' argument that section 1997e(g) preserves their right to challenge Plaintiff's factual allegations notwithstanding their failure to file a timely answer, Defendants also mischaracterize this Court's earlier orders to suggest that the Rule 8 issue has already been decided in their favor. In a December 21, 2015 order denying Plaintiff's motion for sanctions, Magistrate Judge King noted: "Defendants' argument in this regard has not been addressed by this Court and plaintiff has not moved for default judgment because of defendant's failure to file a timely answer." (Doc. 251 at 10.) This constitutes an acknowledgment that this issue has not been decided, not a decision in Defendants' favor. Plaintiff contends, and the Court agrees, that a motion for default judgment was not available as an option to him because such a

---

[2] Defendants also assert that Plaintiff has earlier conceded that its interpretation of section 1997e(g) is correct. This is a blatant mischaracterization of the record. Defendants selectively quoted from an earlier memorandum in opposition to Defendants' motion to strike Plaintiff's motion for sanctions, in which Plaintiff noted that defendants in PLRA cases have the option to "reply to the Plaintiff's complaint as any normal litigant would – generally by filing a motion to dismiss or an answer – and the litigation proceeds in the normal course." (Doc. 244 at 11-12.) Plaintiff does not state, nor has he so stated at any point in this litigation and has in fact argued the opposite on several occasions, that it is his position that the "the normal course" of litigation contemplates not filing an answer after the denial of a motion to dismiss.

motion is not proper when a defendant has filed a motion to dismiss. Federal Rule of Civil Procedure 55 provides for an entry of default, which may be followed by a default judgment, "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend*." Fed. R. Civ. P. 55(a) (emphasis added). *See also Nwabue v. Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 552 (6th Cir. 2013) (per curiam) ("[B]ecause the defendants already had 'plead[ed] or otherwise defend[ed]' by filing their motion to dismiss before [plaintiff] filed his default motion, the district court clerk properly denied [plaintiff's] motion."); *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (Table), 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) ("[A]lthough [Defendant] did not file an answer to [Plaintiff's] complaint, she did 'otherwise defend' herself with a motion to dismiss for failure to effect service."); *Garcia v. Renaissance Global Logistics, LLC*, No. 10-13122, 2011 WL 3714635, at *1 (E.D. Mich. Aug. 23, 2011). Because here Defendants did "otherwise defend" the suit despite not filing an answer, a default judgment is unavailable to Plaintiff.

The Court is sympathetic to Defendants' position and certainly understands that federal courts generally favor "resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). But given that the Court found no excusable neglect in Defendants' failure to file an answer more than four years after it was due—a decision that Defendants did not appeal and do not now ask the Court to reconsider—there is no other basis for excusing their failure. And Rules 8(b)(6) and 12(a)(4)(A) admit of no discretion. Therefore, Plaintiff's Motion *in Limine* is **GRANTED** and Defendants' Motion *in Limine* is **DENIED**. Defendants will be precluded at trial from offering evidence denying the facts that have been deemed admitted in Plaintiff's complaint under Rule 8(b)(6).

7

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Motion *in Limine* is **GRANTED**.  (Doc. 270.) Defendants' Motion *in Limine* is **DENIED**.  (Doc. 276-1.)  Defendants are precluded from offering evidence or argument at trial denying facts that have been legally admitted in Plaintiff's complaint under Rule 8(b)(6).  The trial will be limited to the amount of damages Defendants owe to Plaintiff.

**IT IS SO ORDERED.**

                                                       **s/ Algenon L. Marbley**
                                                      **ALGENON L. MARBLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**DATED:  August 24, 2016**