IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRICKS, : | |
| : | Case No. 2:08-CV-580 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| PICKAWAY CORRECTIONAL : | |
| INSTITUTION, *et al.*, : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the Court on several motions *in limine*. Plaintiff has filed motions *in limine* to: (1) prevent Defendants from offering testimony from various physicians; (2) prevent Defendants from offering testimony related to administrative exhaustion; (3) prevent Defendant from presenting evidence related to Plaintiff's post-release medical treatment; and (4) prevent Defendants from offering evidence or argument regarding the crime for which Plaintiff was incarcerated. (Doc. 273.) Defendants have filed motions *in limine* to: (1) prohibit Plaintiff from failing to prove all the elements of his 42 U.S.C. § 1983 action (Doc. 276-4); (2) prohibit Plaintiff from offering non-expert medical opinions (Doc. 276-3); and (3) prohibit Plaintiff from equating his deliberate indifference claim to that of medical malpractice. (Doc. 276-5.)

For the reasons that follow, Plaintiff's motions *in limine* are **GRANTED in part**, **DENIED in part, and HELD IN ABEYANCE in part**. Defendants' motions *in limine* are **DENIED**.

I. BACKGROUND

The facts of this case were summarized in the Sixth Circuit order denying Defendants' interlocutory appeal:

1

> Henricks began experiencing the symptoms of acute appendicitis on August 19, 2006. The following day, upon the recommendation of Dr. Gonzalez, the medical director at Henricks's prison, Henricks was sent to the Ohio State University Medical Center. At the emergency room, Officer Maynard, who had accompanied Henricks, refused to remove Henricks's handcuffs and other restraints in spite of a physician's request to do so. This caused a delay of approximately forty-five minutes while Officer Maynard and the physician argued. Eventually, Officer Maynard uncuffed Henricks and Henricks was admitted and underwent emergency surgery. The surgery—which Henricks alleges was made more extensive by Officer Maynard's delay in removing the restraints—caused nerve damage to Henricks's right leg.
>
> Henricks's dispute with Dr. Gonzalez arises from Dr. Gonzalez's consistent refusal to prescribe a medication called Neurontin for the pain caused by that nerve damage, in spite of the view of several other doctors, including specialists, that Neurontin was necessary to treat Henricks's pain. Henricks first received a prescription for Neurontin on November 1, 2006. He requested that his dosage be increased on November 3, and on November 8 he met with Dr. Gonzalez, who discontinued the prescription on the basis that it would not be effective in treating Henricks's pain. Starting in February 2007, neurologists recommended Neurontin for Henricks's pain on multiple occasions, but Dr. Gonzalez never authorized it, even though at least one doctor explicitly noted that Neurontin was "wholly appropriate" and that Motrin, the medication that Henricks had been on, would not be effective. Henricks thus suffered unreduced pain resulting from his nerve damage during much of 2007.

(Doc. 233 at 2-3.)

On August 24, 2016, the Court granted Plaintiff's motion *in limine* to deem admitted all factual allegations in his complaint under Federal Rule of Civil Procedure 8(b)(6) because Defendants never filed an answer.  (Doc. 290.)  At the same time, the Court denied Defendants' motion *in limine* "to prohibit the plaintiff from refusing to adhere to 42 U.S.C. § 1997e(g)."  (*Id.*)  Because the facts have been deemed admitted, the Court precluded Defendants from offering at trial any evidence contradicting the factual allegations of the complaint other than evidence relating to damages.  The Court will now consider the parties' remaining motions *in limine*.

## II.     STANDARD OF REVIEW

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not

rely upon at trial. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)). To prevail on a motion *in limine,* the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Whether or not to grant a motion *in limine* is within the discretion of the trial court. *Branham v. Thomas M. Cooley Law Sch.,* 689 F.3d 558, 562 (6th Cir. 2012). The Court may reconsider the admissibility of the evidence, however, and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections." *Bennett*, 2011 WL 4753414, at * 1 (*citing Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

### III.   ANALYSIS

#### A.  Plaintiff's Motions *in Limine*

##### 1.  *Physician Testimony*

Plaintiff asks the Court to exclude the testimony of four physicians, Drs. Andrew Eddy, Gregory Figg, Sorabh Khandelwal, and Nneka Ezeneke, for failure to comply with Federal Rule of Civil Procedure 26. (Doc. 273 at 1-3.)

Pretrial disclosures of witnesses must be made at least 30 days before trial, "[u]nless the Court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B). Expert witnesses, however, must be disclosed "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D). Further, the disclosure of expert witnesses "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony

3

in the case or one whose duties as the party's employee regularly involve giving expert testimony." Rule 26 further sets forth the required content of the expert report. *See* Fed. R. Civ. P. 26(a)(2)(B).

Defendants contend that even though the four doctors were not disclosed until the July 15, 2015 motion for leave to pursue a qualified immunity defense, to which Defendants attached affidavits from the doctors, the disclosures were timely because the Court had not ordered earlier disclosures and they were submitted within 30 days of trial. (Doc. 283 at 3.) It appears that Defendants are correct that the Court did not order a certain date for pretrial disclosures. But given that the doctors clearly seek to testify as expert witnesses (their affidavits include assertions of their opinions "to a reasonable degree of medical certainty"), their disclosures, even if timely,[1] were not accompanied by expert reports of any kind. Defendants concede that Dr. Eddy is an expert witness and, therefore, the Court will exclude his testimony for failure to comply with Rule 26(a)(2).[2]

Defendants rebut this point by asserting that other than Dr. Eddy, their witnesses are clearly offered not as experts but as fact witnesses or rebuttal witnesses. (Doc. 283 at 3.) Because Dr. Ezeneke has never examined or treated Plaintiff and derived all of her knowledge of the events in question from the medical records, she is not a fact witness. (*See* Declaration of Nneka Ezeneke, M.D., Doc. 238-5 at ¶ 5.) Accordingly, her testimony will be excluded for failure to comply with Rule 26(a)(2).

---

[1] As stated above, expert witnesses must be disclosed 90 days before trial, and Defendants did disclose these witnesses more than 90 days before the trial date, so they will not be excluded on this basis.

[2] Defendants also argue that Dr. Eddy will testify as a fact witness as to the "policies and procedures Defendant Dr. Gonzalez was required to work under in following recommendations of outside consultants, as well as the ramifications she faced in prescribing medications to inmates." (Doc. 283 at 3.) Finding this irrelevant to damages, the only remaining issue for trial, the Court excludes this testimony as well.

Dr. Khandelwal seeks to testify on the delay in Plaintiff's treatment in the emergency room and Officer Maynard's culpability in this delay, as well as his "opinion to a reasonable degree of medical certainty" that the delay in Henricks's surgical procedure "would have no adverse effect on his medical condition, or his recovery." (Declaration of Sorabh Khandelwal, M.D., Doc. 238-4 at ¶¶ 8-11.) The latter statement constitutes an expert opinion, which the Court will not allow due to the failure to submit an expert report as required by Rule 26(a)(2). The testimony regarding the delay and Officer Maynard's culpability must also be precluded because the Court has deemed admitted the factual allegations in the complaint and it is irrelevant to Plaintiff's damages.

Dr. Figg examined Plaintiff in 2007 and recommended Neurontin for his pain after the surgery. (Declaration of Gregory M. Figg, M.D., Doc. 238-2 at ¶¶ 4, 7.) All of Dr. Figg's statements in his affidavit, submitted with Defendants' motion for leave to pursue a qualified immunity defense, indicate that his testimony relates to Dr. Gonzales's decision to prescribe Motrin rather than Neurontin, the relative effectiveness of different pain medications, and the primary physician's role in determining which medications are appropriate. (*Id.* at ¶¶ 7-11.) Therefore, Figg's testimony will also be precluded because it bears no relevance to the issue of Plaintiff's damages.

Plaintiff's motion to exclude the testimony of Drs. Eddy, Figg, Khandelwal, and Ezeneke is **GRANTED**.

2. *Evidence Related to Administrative Exhaustion*

Plaintiff asks the Court to exclude the testimony of Eugene Hunyadi, Assistant Chief Inspector, whose declaration in support of Defendants' motion for summary judgment relates only to whether Plaintiff exhausted his administrative remedies prior to bringing this lawsuit.

5

(Doc. 273 at 4.)  Because the Court has previously stricken the failure-to-exhaust affirmative defense, which was not pleaded, the motion is well taken.  Defendants offer no argument to the contrary other than to note that exhaustion is a question of fact for the jury.  This is true generally, but not when the Court has found the defense waived.  Defendants will not be permitted to introduce evidence at trial related to administrative exhaustion.  Plaintiff's motion to exclude Hunyadi's testimony is **GRANTED**.

### 3. *Evidence Related to Plaintiff's Post-Release Medical Treatment*

Plaintiff next asks the Court to exclude evidence related to the medical treatment that he received following his release from prison on the ground that it is irrelevant.  (Doc. 273 at 4.)  According to Plaintiff, such evidence is irrelevant because his damages caused by Officer Maynard ended when the delay in treatment ended and his damages caused by Dr. Gonzales ended when he was no longer in Dr. Gonzales's care.  (*Id.*)  Defendants counter that some of the evidence could be relevant, although they do not specifically argue how such evidence would shed light on Plaintiff's damages, the only remaining issue for trial.  Defendants also argue that because they have not yet seen the complete records—which the Magistrate Judge ordered be made available to defense counsel during a January 20, 2016 status conference—and are still awaiting records from the Fulton County Health Center, the Court should at the very least decline to rule on the motion until the contents of the records are known.

Although the Court is skeptical that the records will be relevant to an assessment of damages, given Plaintiff's position that his damages concluded after the conclusion of treatment, the motion should likely be granted.  The Court **HOLDS IN ABEYANCE** the motion *in limine* until the final pretrial conference until Defendants, upon receiving the records, articulate how the post-release medical treatment relates to Plaintiff's damages.

6

*4. Evidence Related to the Crime for Which Plaintiff was Incarcerated*

Finally, Plaintiff asks the Court to preclude evidence of the crime for which he was incarcerated during the events at issue because it is irrelevant and prejudicial. Defendants correctly point out that they may attack Plaintiff's character for truthfulness by evidence of a criminal conviction under Rule 609 if the crime "was punishable by death or by imprisonment for more than one year" or if "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(1).[3] The Court is unaware, however, of the crime for which Plaintiff was incarcerated because neither party has so informed the Court in the briefing and the Court has not been able to locate this information elsewhere in this case's extensive record. The Court is thus unable to determine whether Plaintiff's criminal conviction was punishable by death or by imprisonment for more than one year or, alternatively, whether it involved a dishonest act or false statement. At this time, therefore, the Court **DENIES** the motion *in limine*.

## B. Defendant's Motions *in Limine*

*1. Motion to Prohibit Plaintiff from Offering Non-Expert Medical Opinions*

Defendants ask the Court to preclude Plaintiff or any other lay witnesses from offering medical opinions that they are not qualified to offer. (Doc. 276-3.) Federal Rule of Evidence 701(c) limits "testimony in the form of an opinion" to one that is "not based on scientific, technical, or other specialized knowledge." As such, Plaintiff, who is not a medical doctor, is not competent to offer medical opinions. Because the factual allegations in the complaint have been deemed admitted, however, the Court finds this issue moot as to much of the evidence

---

[3] Presuming Defendants can satisfy Rule 609(a), Plaintiff's criminal conviction cannot be excluded under Rule 609(b) because fewer than ten years have passed since his release from confinement.

Defendant seeks to prohibit.  To the extent Defendant seeks to preclude this testimony as it goes to an assessment of damages, the Court also declines to grant the motion.  To be sure, Plaintiff is competent to testify about some of his symptoms and treatment and, as a lay witness, is not competent to testify about other matters relating to his diagnosis and treatment.  But the Court finds that the scope of this testimony will be more appropriately resolved on a case-by-case basis at trial upon objection by Defendants.  Defendants' motion is **DENIED**.

   *2. Motion to Prohibit Plaintiff from Failing to Prove all the Elements of his 42 U.S.C. § 1983 Action*

This motion *in limine*, though awkwardly phrased, essentially asks the Court to rule that Dr. Gonzales was not acting "under color of law" when she denied Neurontin to Plaintiff while acting as a prison doctor because she was not a state employee but rather an employee of an entity that contracted with the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. 276-4.)  It does not ask the Court to rule on the admissibility of any evidence and therefore is not, in fact, a motion *in limine*.  Regardless, Defendants' legal argument has no merit.  Both the Supreme Court and the Sixth Circuit have held that a "physician who contracts to provide medical services to prison inmates . . . acts under color of state law for purposes of § 1983." *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)).  And contrary to Defendants' argument, it is immaterial whether the doctor herself contracted with ODRC or whether her employer contracted with the prison.  *See West*, 487 U.S. at 55-56 ("It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State.").  Moreover, the Court has already rejected Defendants' argument on this issue.  Therefore, Defendants' motion is **DENIED**.

*3. Motion to Prohibit Plaintiff from Equating his Deliberate Indifference Claim to that of Medical Malpractice*

Defendants next ask the Court to prohibit Plaintiff "from disturbing th[e] holding" that there is a "distinction between deliberate indifference and a negligent medical malpractice" cause of action.  Plaintiff's counsel respond that they do not understand exactly what Defendants' motion requests but that they do not plan to tell the jury that "malpractice and Section 1983 Eighth Amendment claims are the same thing."  (Doc. 280 at 1.)

It is unnecessary and inefficient for a party to file a motion *in limine* asking the Court not to disturb a previous holding.  The Court is aware of the elements of an Eighth Amendment deliberate-indifference claim and sees no compelling reason to grant a motion *in limine* that concerns not an evidentiary issue but a statement of law on which the parties do not even disagree.  Consequently, Defendants' motion is **DENIED**.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's motion *in limine* to: 1) prevent Defendants from offering improper testimony from various physicians is **GRANTED**; (2) prevent Defendants from offering testimony related to administrative exhaustion is **GRANTED**; (3) prevent Defendant from offering evidence related to Plaintiff's post-release medical treatment is **HELD IN ABEYANCE**; and (4) prevent Defendants from offering evidence or argument regarding the crime for which Plaintiff was incarcerated is **DENIED**.  (Doc. 273.)

Defendants' motion *in limine* to: (1) prohibit Plaintiff from failing to prove all the elements of his 42 U.S.C. § 1983 action is **DENIED** (Doc. 276-4); (2) prohibit Plaintiff from offering non-expert medical opinions is **DENIED** (Doc. 276-3); and (3) prohibit Plaintiff from equating his deliberate indifference claim to that of medical malpractice is **DENIED**.  (Doc. 276-5.)

9

**IT IS SO ORDERED.**

                ___s/ Algenon L. Marbley_____
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT JUDGE**

**DATED: September 2, 2016**